IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS ENGAGED IN ADVANCING TEXAS, M.F., by and through next friend, VANESSA FERNANDEZ, AMPERSAND GROUP LLC, and BRANDON CLOSSON,<br>    Plaintiffs,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>    Defendant. | §§§§§§§§§§§§§§ | Civil Action No. 1:24-cv-945-RP |

### DEFENDANT'S OPPOSED MOTION TO STAY

**Introduction:** On August 23, 2024, Plaintiffs filed a motion for a preliminary injunction against HB 18, an Act that contains Texas's new social media regulations. Defendant asks this Court to stay Plaintiffs' lawsuit. In the alternative, Defendant asks (1) for a brief extension to its deadline to file a response to the preliminary injunction motion and (2) to extend its deadline to file an answer/response to Plaintiffs' complaint.

**Motion to Stay (Opposed):** Defendant asks this Court to stay Plaintiffs' lawsuit as it significantly overlaps with the omnibus challenge to HB 18 filed in the *NetChoice II* matter.[1] The *NetChoice II* case was filed first and, from our understanding, Your Honor will likely be deciding the pending preliminary injunction motion in that case within the next week or so. Any decision in that case would either (1) make a decision in Plaintiffs' case largely unnecessary or (2) at the least, greatly clarify the analysis pertinent to Plaintiffs' lawsuit.

---

[1] *See Computer & Communications Industry Association v. Paxton*, 1:24-cv-00849-RP (W.D. Tex.).

The main materially new aspect of this lawsuit is that Plaintiffs directly challenge Tex. Bus. & Com. Code § 509.057, while the *NetChoice II* plaintiffs did not. This section concerns the requirement that digital service providers verify the age of potential users, and restrict access if under 18 years old, if the provider knowingly publishes or distributes material on its site over one-third of which is harmful or obscene. Yet Plaintiffs did not identify any social media sites they want to access that believe this provision applies to their services. And the fact that the *NetChoice II* plaintiffs—two associations representing the largest social media companies on the planet—chose not to challenge § 509.057 indicates that they do not believe their services cross this one-third threshold.

Also, a large reason for the urgency in *NetChoice II* was that the plaintiffs there were digital service providers who claimed they would incur compliance costs and risk civil penalties if HB 18 is not enjoined before its September 1, 2024 effective date. Yet Plaintiffs here are *users*, not *providers*. There are no cost of compliance issues here, and HB 18 does not create civil penalties against users of social media sites. Thus, this matter is far less urgent than the *NetChoice II* case. And while the loss of First Amendment freedoms is undoubtedly an irreparable injury, these injuries will only occur once social media companies start complying with HB 18. And none of the major sites appear set to do so until *NetChoice II* is resolved.

**Defendant's Alternative Requests (Partially Opposed):** In the alternative, Defendant asks this Court to extend its deadline to file a response to Plaintiffs' preliminary injunction motion for seven days, making the new deadline September 13, 2024. The reason for this request is to allow Defendant sufficient time to brief the issues addressed in Plaintiffs' motion. The plaintiffs agreed to, and this Court granted, a seven-day extension to Defendant's deadline to file his preliminary injunction response in the *NetChoice II* litigation.[2] Plaintiffs oppose it here.

---

[2] *Id.* at ECF 13, 15.

Defendant also asks this Court to extend its deadline to file an answer/response to Plaintiffs' complaint until 21 days after the Court's decision on Plaintiffs' preliminary injunction motion. Plaintiffs do not oppose this request.

**Conclusion:** For the reasons above, Defendant requests that this Court stay this lawsuit, with the understanding that either party can, at any time, file a motion asking this Court to remove the stay upon good cause shown. In the alternative, Defendant asks this Court to extend its deadline to file (1) a response to Plaintiffs' preliminary injunction motion to September 13, 2024 and (2) an answer/response to Plaintiffs' complaint until 21 days after the Court's decision on Plaintiffs' preliminary injunction motion.

Dated: August 26, 2024

Respectfully submitted,

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

**BRENT WEBSTER**
FIRST ASSISTANT ATTORNEY GENERAL

**RALPH MOLINA**
DEPUTY FIRST ASSISTANT ATTORNEY GENERAL

**JAMES LLOYD**
DEPUTY ATTORNEY GENERAL FOR CIVIL LITIGATION

**KIMBERLY GDULA**
CHIEF – GENERAL LITIGATION DIVISION

*/s/Todd Dickerson*
**TODD DICKERSON**
Attorney-in-charge
Assistant Attorney General
Texas State Bar No. 24118368
Todd.Dickerson@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1309 | Fax: (512) 320-0667

*Counsel for Defendant*

### Certificate of Service

I certify that a copy of the document above was served on all counsel of record who have entered an appearance on August 26, 2024, using the Federal Court CM/ECF system.

<u>/s/ Todd Dickerson</u>

### CERTIFICATE OF CONFERENCE

On August 21 and 26, 2024, I conferred with Plaintiffs' counsel on the issues raised in this motion. The August 21st meeting was via telephone; the August 26th conference was via email. Plaintiffs' counsel advised that they were opposed to the motion to stay and the request for a seven-day extension to Defendant's deadline to file a preliminary injunction response. They advised that they were unopposed to the request to extend Defendant's deadline to file a response to their complaint.

<u>/s/ Todd Dickerson</u>